UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MACEL MERRILL HORVATH,
            *Plaintiff-Appellant,*

      v.

LARRY G. MASSANARI, ACTING
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,
            *Defendant-Appellee.*

No. 01-1522

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CA-99-188-1)

Submitted: September 28, 2001

Decided: October 15, 2001

Before LUTTIG, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Susan Kipp McLaughlin, MCLAUGHLIN & CURRY, Fairmont, West Virginia, for Appellant. James A. Winn, Regional Chief Counsel, Region III, Patricia M. Smith, Deputy Chief Counsel, Heather Benderson, Assistant Regional Counsel, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Patrick M. Flatley, United States Attorney, Helen Campbell

Altmeyer, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Macel Merrill Horvath appeals the district court's order upholding the Administrative Law Judge's (ALJ) denial of Supplemental Security Income benefits (SSI) under Title XVI of the Social Security Act, 42 U.S.C.A. §§ 1381-1383f (West 1991 & Supp. 2001).* Finding substantial evidence supports the denial, we affirm.

Our review of a denial of benefits is limited to whether substantial evidence supports the Commissioner's decision and whether the correct legal standard was applied. *See Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). The Commissioner's determination of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986).

A determination of disability is controlled by 20 C.F.R. § 404.1520 (2000), which provides a five-step sequential process under which an ALJ is to evaluate a claim. These steps include: (1) whether the claimant is working; (2) whether she has a severe impairment; (3) whether that impairment meets or equals a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2000); (4) whether the impairment prevents the performance of past relevant work; and (5) whether the

---

*Horvath applied for SSI in 1996, alleging disability commencing on September 2, 1995, based on depression and asthma.

impairment prevents the performance of any work in the national economy. *See* 20 C.F.R. § 404.1520; *Pass*, 65 F.3d at 1203. If the ALJ finds that the claimant has failed to meet any step of the process, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). The burden of proof remains with the claimant through the fourth step; however, if she successfully reaches step five, then the burden shifts to the Commissioner to show other jobs exist in the national economy that she can perform. *Id.*

The ALJ found Horvath had not engaged in substantial gainful activity since the alleged onset date; suffered from asthma, depression, and personality disorders; did not have an impairment meeting or equaling the criteria of any of the impairments listed in Appendix I, Subpart P, Regulations No. 4; was unable to perform her past relevant work; but was able to make an adjustment to perform work existing in significant numbers in the national economy as identified by the vocational expert.

The ALJ correctly shifted the burden to the Commissioner to show the existence of other jobs in the national economy which Horvath could have performed during the period in question. *See* 20 C.F.R. § 404.1520(f); *Hunter*, 993 F.2d at 35. The vocational expert's testimony provided evidence of significant jobs in the national economy that Horvath could perform given her limitations, thus finding Horvath was not disabled.

We find the ALJ did not err in accepting the summary in section III of the mental residual functional capacity assessment that Horvath retained the residual functional capacity for routine, entry level work, and in rejecting the findings in section I that she was moderately limited in some areas. *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986).

Further, we find substantial evidence buttressing the ALJ's finding that Horvath was not disabled. *See Craig*, 76 F.3d at 595. Horvath reported she was capable of caring for herself, performing housework, engaging in recreational activities, and visiting family and friends. Also, she did not undergo treatment or take her medication as recommended in an attempt to improve her condition. Additionally, her testimony as to the extent of her ability to concentrate and complete

tasks was inconsistent with other evidence. In addition to the mental residual functional capacity assessment indicating Horvath retained the capacity for routine entry level work, Dr. Pearse found Horvath generally able to maintain everyday functional activities. Dr. Goots found no restriction of daily living or difficulties in maintaining social functioning, no evidence of episodes of deterioration in work settings, rare deficiencies of concentration or pace, and no functional limitations. Furthermore, Dr. Buda in October 1996, noted that she was doing well with no evidence of psychotic or affective difficulty and that she did well with medication.

Accordingly, we affirm the denial of SSI benefits on the reasoning of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*